## Commonwealth v. Wischusen

*Jackson M. Stewart, Jr., Assistant District Attorney,* for Commonwealth.
*Joseph W. Bullen, III,* for defendant.

SURRICK, *J.*, March 22, 1979—The above-captioned matter is presently before the court on defendant's motion for new trial and motion in arrest of judgment, defendant having been convicted by a jury of rape and other related offenses.

Counsel for defendant makes three contentions in support of his motions, none of which requires an extensive review of the facts. The contentions are as follows:

1. The jury selection process was defective and defendant denied a trial by an impartial jury because of the district attorney's systematic use of his peremptory challenges to eliminate males under the age of 35 years from the jury panel.

2. Defendant was denied effective assistance of counsel because of the failure of counsel to have a stenographic transcript of the testimony given at the preliminary hearing.

3. The court's refusal to initially permit defense counsel to cross-examine the victim as to the extent of her resistance irreparably prejudiced the defense by having the effect of giving support to the victim's credibility.

Briefly, the facts are that on December 11, 1977, at approximately 2:30 a.m., the victim arrived home to find a light on in her apartment and a window broken. As she started to leave to obtain help she saw defendant, Thomas Wischusen, whom she knew, emerge from the apartment. She spoke with defendant and then invited him into the apartment where the two of them talked, drank a beer and smoked "a joint of marijuana." The victim did not want to go to bed while defendant was still at the apartment and since defendant indicated that he really did not want to leave, the victim proceeded to doze, off and on all night while sitting on the couch. At about 8:00 a.m., defendant awoke the victim and demanded that she have sexual relations with him. At this time defendant was holding a knife in his hand and proceeded to force the victim to have sexual relations with him as well as to engage in deviate sexual activity. The victim testified

that all of the sexual activity was forced and against her will. Defendant admitted having sexual relations with the victim but indicated that the entire episode was consensual.

The most interesting issue to be dealt with and, in fact the only issue argued by defense counsel at the time of oral argument, is the allegedly defective jury selection process.

As jury selection was drawing to a close, defense counsel objected to the manner in which the district attorney was exercising his peremptory challenges. Specifically, counsel took the position that the district attorney had used six of his eight peremptory challenges to strike male jurors under the age of 35 years from the jury panel. An in camera hearing was held on this issue and defense counsel was permitted to completely develop his position on the record. At this hearing defense counsel established with the agreement of the district attorney that six out of eight of the district attorney's peremptory challenges had been used to strike male jurors under the age of 35 years and that the only remaining male juror under the age of 35 years was juror No. 14. The court refused defense counsel's request that the district attorney be interrogated concerning the reasons for the exercising of his peremptory challenges and overruled counsel's objection to the jury which had been selected. Thereafter, the jury was sworn, heard the entire matter and rendered its verdict.

Counsel for defendant bases his objection to the jury selection process on a California case, People v. Wheeler, 148 Cal. Rptr. 890, 583 P. 2d 748 (1978). It is clear that although the Wheeler case is the law of California, it is not the law of Pennsylvania. The Pennsylvania Courts have not adopted the

Wheeler rationale; however, a brief review of that case is of interest. The Wheeler case involved alleged racial discrimination in the exercise of peremptory challenges. In Wheeler, two black defendants were being charged with the murder of a white grocery store owner. A number of prospective black jurors were removed for cause after voir dire. Thereafter, the prosecution proceeded to strike every black from the jury panel by means of peremptory challenges. The jury which finally heard the case and convicted the defendants was all white. The California Supreme Court reversed the conviction based upon the discriminatory use of peremptory challenges by the district attorney.

The court in Wheeler recognized that there is a presumption that the party exercising peremptory challenges is doing so on constitutionally permissible grounds. The court went on to say, however, that this presumption is rebuttable and that the use of peremptory challenges to remove prospective jurors on the sole basis of group bias, rather than on the basis of specific bias, violates the defendant's right to a trial by a jury drawn from a representative cross-section of the community. The Wheeler court established a procedure to be used in instances where this question arises. If counsel wishes to raise this objection, he must do so in a timely fashion. It is then counsel's burden to make out a prima facie case of group bias in the use of the peremptory challenges. This might be accomplished for example by showing that all or most of those stricken are members of an identifiable group or that a disproportionate number of the peremptories were used against that group or that the jurors stricken share only one characteristic in common, their membership in the group. If the court is satisfied that a

prima facie case of discrimination has been shown, that is, that the circumstances show a strong likelihood that the challenges were exercised on the basis of group bias, then the burden shifts to the striking party to show that the peremptory challenges were not based on group bias alone but rather had some basis reasonably relevant to the matter on trial, the parties, the witnesses or counsel involved. If striking counsel does not carry his burden of justification then the entire panel is dismissed.

It necessarily follows from the foregoing that, in order for counsel to make out a prima facie case of group bias, counsel must demonstrate that the excluded jurors are members of a cognizable group. The Wheeler court defined a cognizable group in terms of any identifiable group characteristic that results in its members sharing distinctive experiences and perspectives. Moreover, the defining characteristic should clearly identify any individual as within or without a group's membership.

The problem of determining what constitutes a cognizable group is not particularly difficult where, as in Wheeler, you are dealing with race. On the other hand, whether males under the age of 35 constitute a cognizable group is perhaps more open to question.

In any event, as above indicated, Wheeler is not yet the law of Pennsylvania. The Wheeler court after discussing the position of the United States Supreme Court on this issue determined that it would establish a rule which was more protective of the rights of the defendant than the rules established by that court in Swain v. Alabama, 380 U.S. 202 (1965), and Taylor v. Louisiana, 419 U.S. 522

(1975). The Pennsylvania courts have, on the other hand, followed the Supreme Court of the United States in holding that in order to overcome the presumption that the prosecutor is properly exercising his peremptory challenges, the defense must show a pattern of systematic exclusion or discrimination by the Commonwealth over a period of time, in case after case: Com. v. Jones, 246 Pa. Superior Ct. 521, 371 A. 2d 957 (1977). Our Superior Court in the Jones case which involved alleged racial discrimination in the jury selection process, made the following statement in this regard:

"Thus, the presumption that the prosecutor exercised his peremptory challenges in a proper manner is only overcome where the defendant produces evidence that in case after case the prosecutor, regardless of the circumstances, is responsible for the removal of all blacks from every jury." 246 Pa. Superior Ct. at 523. See also Com. v. Martin, 461 Pa. 289, 336 A. 2d 290 (1975).

Although Jones dealt with racial discrimination, Judge Spaeth in his concurring opinion made the following observation which is particularly relevant in the instant case regarding the motivation of the prosecutor in the exercise of peremptory challenges: "(Some prosecutors believe that a male juror will be sympathetic to a female complaining witness, a female juror, unsympathetic. Is this belief anything more than hunch? Superstition? Prejudice?) On the other hand, no one should be excluded from a jury on the basis of race."

Under all of the circumstances, it is clear that defendant has not shown that he was denied his right to trial by a fair and impartial jury.

Defendant next contends that he was denied the effective assistance of counsel because of the failure of counsel at the preliminary hearing to arrange for a stenographic record of the testimony presented at that hearing. Counsel has cited no authority for this proposition and this court is aware of none. Our courts have indicated that defendant is entitled to representation by counsel at the preliminary hearing stage of a criminal proceeding; however, no court has extended that right to require court reporters at such hearings. Moreover, trial counsel for defendant called as a defense witness the attorney who represented defendant at the preliminary hearing. Preliminary hearing counsel testified extensively as to his recollection of the testimony given by the victim at the preliminary hearing in an attempt to impeach the credibility of the victim's testimony. We conclude, therefore, that defendant's contention in this regard has no merit.

Finally, counsel contends that the court's initial refusal to allow defense counsel to cross-examine the victim as to the extent of her resistance irreparably prejudiced defendant. Prior to the luncheon recess, counsel for defendant was conducting cross-examination of the victim, and during the course of that cross-examination counsel attempted to question the victim concerning the nature of her resistance to these alleged sexual attacks. The district attorney objected to such questions citing section 3107 of the Crimes Code, 18 Pa.C.S.A. §3107, in support of his objection. Section 3107 of the Crimes Code provides as follows: "The alleged victim need not resist the actor in prosecutions under this chapter: Provided, however, That nothing in this section shall be construed

to prohibit a defendant from introducing evidence that the alleged victim consented to the conduct in question."

After an extensive side-bar discussion the court sustained the district attorney's objections and directed counsel to continue his cross-examination in some other area.

At the time of the luncheon break defense counsel was still cross-examining the victim and after returning from lunch the court at side-bar advised defense counsel that after further consideration of the matter, the court would permit counsel to question the victim fully on the subject of her resistance or lack of resistance.

The court made this ruling out of an abundance of caution, knowing that the defense intended to try to establish that defendant's relationship with the victim on the evening in question was entirely consensual. The court determined that the question of resistance or the lack thereof might be relevant and might properly be considered by the jury on the issue of consent. Therefore defense counsel, over the strenuous objection of the district attorney, fully cross-examined the victim on the subject of resistance.

Under these circumstances, we cannot conclude that defendant was irreparably prejudiced by the court's action nor that the court's rulings in any way affected the credibility of Kathleen Slater. Again, counsel has offered no authority for this proposition, and accordingly we conclude that it is without merit.

Based on the foregoing, defendant's motion for new trial and motion in arrest of judgment are hereby denied.

## ORDER

And now, March 22, 1979, upon consideration of defendant's motion for new trial and motion in arrest of judgment, it is ordered and decreed that the said motions be and the same are hereby dismissed.

It is further ordered that defendant appear in court for sentencing on April 17, 1979, 9:30 a.m. Court House, Media, Pennsylvania.